THOMAS DAVEY *vs.* THE RHODE ISLAND COMPANY.

MARCH 4, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Selection of Jurors.    Competency.*

The general principle as to the discretion of the justice presiding at a jury trial in passing upon the qualification of jurors applies to their rejection as well as acceptance, and where it does not appear that the rejection of a juror was in any way prejudicial to a party, or that the jury as empanelled was not legally qualified and impartial, its verdict will not be disturbed.

TRESPASS ON THE CASE for negligence. Heard on exceptions of defendant, and overruled.

DOUGLAS, C. J.   This is a bill of exceptions based upon the refusal of the Superior Court to grant a new trial on the ground that the damages found by the jury were excessive and upon the rejection of a juror by the trial court.

The question of law in the case is the converse of that which was recently decided in *Sansouver* v. *Glenlyon Works*, 28 R. I. 539.   In that case the employee of a stockholder in the defendant corporation was allowed to sit as a juror against the objection of the plaintiff, and we held the general principle applicable to such cases to be that the justice presiding at the trial has discretion, under C. P. A., § 109, to determine upon the qualification of jurors, and that the exercise of this discretion will not be overruled unless the decision is manifestly injurious to the party who objected.

In *Stevens* v. *Union Railroad Company*, 26 R. I. 90, the weight of authority, as shown by the cases cited, sustains the application of the same principle to the rejection as to the acceptance of a juror.

In the case at bar the record shows that a juror was excused by the court on the ground that he was a stockholder in the New York, New Haven and Hartford Railroad Company. The court may have erred in not requiring proof of the fact, which is notorious in this community, that the New York, New Haven and Hartford Railroad Company controls the defendant corporation and is now operating its railroads; but we can not find that the rejection of the juror was in any way prejudicial to the defendant.   So far as appears, the jury as empanelled was legally qualified and impartial.   The juror who was substituted for the one excused was not challenged.

As was said in *State* v. *Hensley*, 94 N. C. 1021: "His" (the defendant's) "failure to object further when he could is an implied admission—declaration—on his part that the jury is a fair and unexceptionable one though perhaps not his choice. This is such a jury as the law contemplates and requires."

It is argued by the defendant that the excessive damages

allowed by the jury furnished ground for inferring that the jury was not impartial.

We do not find the damages grossly excessive or, indeed, any larger than the jury might fairly have estimated from the evidence. The five years which elapsed between the accident and the trial had clearly shown that the injury had permanently disabled the plaintiff, and that his earning capacity would be seriously diminished during the remainder of his life. This actual injury, which could fairly be estimated in money, left a not unreasonable sum for his expenses and suffering.

The exceptions are overruled, and the cause is remitted to the Superior Court for judgment on the verdict.

*John W. Hogan*, for plaintiff.

*Henry W. Hayes*, for defendant.